UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA FERNANDA SHKLYAREVSKY, | CASE NO. 2:26-cv-01079-JHC |
| Petitioner, | ORDER |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondents. | |

**I**

**INTRODUCTION**

This matter comes before the Court on Maria Fernanda Shklyarevsky's Petition for Writ of Habeas Corpus.  *See* Dkt. # 3.  The Court has considered the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law.  Being fully advised, for the reasons below, the Court GRANTS the Petition.  Dkt. # 3.

ORDER - 1

## II

### BACKGROUND

Petitioner is a native and citizen of Mexico.  Dkt. # 7 at 1.  She entered the United States on March 11, 2017, on a visitor visa and has remained in the country without incident ever since. Dkt. # 7 at 2.

On November 24, 2022, INTERPOL issued a Red Notice for Petitioner, citing her involvement in a 2017 kidnapping and requesting, if located, that she be detained, and that the Mexico government be contacted immediately for extradition.  *See* Dkt. # 20-5 at 7-8.  A few days later, the U.S. Department of State revoked Petitioner's visa, but no other action was taken. Dkt. # 7 at 2.

On October 30, 2024, after marrying a U.S. citizen, Petitioner filed I-130 and I-485 forms with U.S. Citizenship and Immigration Services (USCIS) to adjust her status.  Dkt. # 7 at 2.  On May 29, 2025, Petitioner appeared for an interview with USCIS in connection with her applications, at which time immigration officials arrested her and charged her as inadmissible. Dkt. # 7 at 2; Dkt. # 3 at 3; *see also* Dkt. # 8-8 at 4.  Petitioner was detained in California and then transferred to Northwest ICE Processing Center in Tacoma, Washington.  Dkt. ## 8-5, 8-6.

On December 2, 2025, Petitioner appeared with counsel before an immigration judge (IJ) at a bond hearing pursuant to 8 U.S.C. § 1226(a).  Dkt. # 7 at 2.  The IJ denied bond, finding Petitioner to be a flight risk and danger to the community.  Dkt. # 20-6 at 5; *see also* Dkt. # 20. Petitioner has appealed this decision to the Board of Immigration Appeals (BIA) and sought reconsideration before the IJ, which was denied.  Dkt. # 7 at 2.

Petitioner's merits case before the IJ remains pending, and she has sought continuances to allow time for her I-130 petition before the USCIS to be adjudicated.  Dkt. # 7 at 2.

ORDER - 2

## III

### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

A.    Prudential Exhaustion

Arguing failure to exhaust administrative remedies, Respondents request that the Court deny the Petition because Petitioner's appeal of the bond denial remains pending before the BIA. Dkt. # 6 at 5, 11. When a court considers a habeas petition, the exhaustion requirement is prudential rather than jurisdictional. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Courts may require prudential exhaustion when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir.2003)). But even when all three *Puga* factors exist, the Court may waive prudential exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Here, assuming all three *Puga* factors favor requiring exhaustion, waiver is warranted by at least one of the *Laing* factors. Namely, Petitioner has shown that irreparable injury would

ORDER - 3

result if she were to continue in immigration detention while pursuing administrative remedies through the BIA.  Petitioner has been detained since May 29, 2025, and her USCIS applications remain pending.[1]  Dkt. # 7 at 3.  Given that Petitioner has been detained for 13 months with no end in sight and has raised a viable due process claim, irreparable harm will result if exhaustion is not waived, and thus, the Court waives it here.  *See e.g.*, *Perez v. Wolf*, 445 F. Supp. 3d 275, 285-86 (N.D. Cal. 2020) ("[i]f Petitioner is correct on the merits of this habeas petition, i.e., if he is correct that his second bond hearing again violated due process, then he has been unlawfully deprived of a bond hearing for over two years," and even assuming a BIA appeal takes only two months, given the prolonged detention, the conditions "still present irreparable harm as it is possible Petitioner is being held unlawfully"); *W.T.M. v. Bondi*, 2026 WL 262583, at *3 (W.D. Wash. Jan. 30, 2026) (finding irreparable injury where BIA review exceeded 200 days and "[d]istrict courts in this Circuit 'routinely' waive prudential exhaustion requirements for noncitizens facing prolonged detention while awaiting administrative appeals.").

B.    Bond hearing

The IJ denied bond on the ground that she was "not persuaded that the [Petitioner] met her burden to show she is not a danger or a flight risk."  Dkt. # 20-6 at 5; *see also* Dkt. # 20.  The parties agree that the Court has jurisdiction to review bond determinations for constitutional claims and clear legal error.  Dkt. # 6 at 7; *see Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *see also Soriano v. Hernandez*, __F. Supp. __, 2026 WL 969764, *2-3 (W.D. Wash. Apr. 10, 2026).

"This Court's habeas review of the immigration court's determination as to dangerousness and flight risk is for abuse of discretion."  *Padilla Paz v. Hernandez*, 2026 WL

---

[1] Although Petitioner appealed her bond denial to the BIA, nothing in the record provides an update for the status of that appeal.  *See generally* Docket.

ORDER - 4

1413096, at *5 (W.D. Wash. May 15, 2026) (citing *Martinez*, 124 F.4th at 784-85). "Under an abuse of discretion standard, '[a district court] cannot reweigh evidence . . . [but] can [only] determine whether the BIA applied the correct legal standard.'" *Martinez*, 124 F.4th at 785 (considering "dangerousness") (citation modified); *see id.* at 783 ("Even though what constitutes 'dangerousness' is malleable and involves agency discretion, . . . this is still a legal standard so long as federal courts can 'assess whether an IJ correctly applied the statutory standard to a given set of facts."); *see also Lopez Reyes v. Bonnar*, No. 18-CV-07429-SK, 2018 WL 7474861, at *8 (N.D. Cal. Dec. 24, 2018) ("where the IJ misinterpreted or failed to consider probative evidence, the Court may review such errors under its habeas review.").

In determining whether a Petitioner is a flight risk or danger to the community, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (BIA 2020). The immigration judge has "extremely broad discretion" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Guerra*, 24 I&N Dec. at 39.

Here, Petitioner has satisfied her burden of demonstrating that reviewable legal or constitutional errors pervaded her immigration bond proceedings and warrant the grant of habeas relief. In particular, the IJ's reliance exclusively on the Red Notice for a flight risk and danger to the community finding was error.

ORDER - 5

This case closely resembles *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993 (N.D. Cal. 2018). In the underlying bond hearing in that case, the IJ denied bond based on a danger to the community finding based solely on an arrest for possession for sale of a controlled substance and pending charges. *Id.* at 1004. In considering a habeas petition, the court found the IJ's decision violated due process because "[t]he IJ's dangerousness conclusion rested on his finding that she had sold drugs" and the record, which only contained evidence of the arrest did not support such a finding. *Id.*

Here, the IJ relied on even less than an arrest. The only evidence presented by the Government before the IJ was Petitioner's I-213 Form and the Red Notice. Dkt. # 20-5 at 3. The Form I-213 stated Petitioner had no criminal history and was taken into custody when she voluntarily met with USCIS in connection with her application. Dkt. # 20-5 at 5-6. While the Red Notice connected Petitioner with a 2017 kidnapping in which her bank account was used presumably for a ransom payment and then transferred out, the notice does not rise to the level of a criminal charge or an arrest. A Red Notice is a request for international cooperation. Dkt. # 20-4 at 14. It "does not weigh evidence or assess and determine the culpability or criminal responsibility of an individual." Dkt. # 20-1 at 10. And INTERPOL makes clear entities "about to use data processed in the INTERPOL Information System for the purposes of applying coercive measures, including but not limited to detention, arrest, or restriction of movement, must ensure that these data are still accurate and relevant." Dkt. # 20-4 at 36.

In immigration merits proceedings, the Ninth Circuit has repeatedly declined to hold that a Red Notice alone suffices to constitute probable cause because it "is not independently vetted for factual and legal justifications." *Villalobos Sura v. Garland*, 8 F.4th 1161, 1167-68 (9th Cir. 2021); *see also Gonzalez-Castillo v. Garland*, 47 F.4th 971, 978 (9th Cir. 2022) ("it does not appear to us a Red Notice alone is ordinarily sufficient to establish probable cause that a crime

ORDER - 6

has occurred."); *id.* ("The Department of Justice takes the position that a Red Notice 'does not meet the requirements for arrest under the 4th Amendment to the Constitution.'") (citing About INTERPOL Washington: Frequently Asked Questions, U.S. Dep't of Justice, https://www.justice.gov/interpol-washington/frequently-asked-que stions (last checked August 22, 2022)).  Here, the IJ failed to analyze the Red Notice at all.  *See* Dkt. # 20-6 at 5 (IJ stating that "[Petitioner] is a fugitive who is sought for criminal prosecution").

To be sure, a Red Notice may be relied on by an IJ to make a danger to the community finding; but for such a notice to serve as the sole basis for detention, it must be supported by evidence that is "probative and specific."  *Ortega-Rangel*, 313 F. Supp. 3d at 1005-06 (citing *Matter of Guerra*, 24 I. & N. Dec. at 40).  No evidence was presented to support the Red Notice. *See* Dkt. # 20.  In contrast, Petitioner presented 29 exhibits that contradicted the Red Notice, including an FBI report finding no criminal history from Petitioner, eight years of bank statements starting in 2017 before the alleged kidnapping occurred, multiple letters attesting to her character, and multiple letters from Mexico's public safety agencies from 2025 confirming Petitioner had no criminal history.[2]  Dkt. # 20-8 at 5; Dkt. # 20-8 at 9-58; Dkt. # 20-9 at 5-38; Dkt. # 20-4 at 70-82.  Petitioner also did not contest the events of the Red Notice, but instead stated that she willingly gave her banking information to a friend when he said he was in trouble and was unaware of any criminal activity until after the deposit and subsequent withdrawal

---

[2] It is unclear from the record whether Mexican officials have been contacted.  *See generally* Docket.  Contacting the Mexican government, as the Red Notice requests, would presumably answer the question immediately whether Petitioner is in fact wanted in Mexico.  But the three letters from Mexican officials stating Petitioner has no criminal history indicate that she is not considered a fugitive there.  *See* Dkt. # 20-4 at 70-82.

ORDER - 7

occurred.[3]  Dkt. # 20-3 at 5.  The IJ discussed Petitioner's declaration, but did not discuss any of the other evidence Petitioner presented.[4]  *See* Dkt. # 20-6 at 5; *see also* Dkt. # 20.

With this record, the IJ's danger to the community and flight risk finding, which rested solely on the Red Notice, violated due process, and thus, habeas relief must be granted.

C.      Remedy

Petitioner requests immediate release.  Dkt. # 3 at 6.  Respondents are silent on the appropriate remedy.  *See generally* Dkt. # 6.  Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief.  *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).  Under similar facts, this jurisdiction has found no basis for similarly situated petitioners to continue to be detained.  *See Soriano*, 2026 WL 969764, at *6 (ordering immediate release); *Vasquez Lopez v. Hernandez*, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026) (same); *W.T.M.*, 2026 WL 262583, at *5 (same); *see also Garcia v. Hyde*, 817 F. Supp. 3d 112, 131 (D.R.I. 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing[.]"); *Miri v. Bondi*, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026) (ordering habeas petitioner's immediate release after finding immigration judge abused discretion in denying petitioner's request for bond at the bond determination hearing).  The Court

---

[3] Petitioner also describes escalating threats from the friend after the deposit.  *See* Dkt. # 20-3 at 5-8.  Petitioner is seeking asylum and related relief for those events.  *See* Dkt. # 20-9 at 41-77.

[4] At the Court's request, Respondents provided the complete record before the IJ.  *See* Dkt. # 18. But Respondents told the Court that no audio recording or transcript was made of the December 2, 2025 hearing.  Dkt. # 19.  The Court thus bases its abuse of discretion finding on the full record before the IJ and the IJ's reasoning contained in the memorandum.  *See Escalante Perez v. Hernandez*, 2026 WL 1004559, at *2 (W.D. Wash. Apr. 14, 2026) (finding abuse of discretion based on the record before the IJ where "no record of the bond hearing was created or provided for the Court's review [] and no explanation of the immigration judge's reasoning has been offered," and "the Court is left without information concerning . . . whether the immigration judge considered the relevant (or indeed any) factors in reaching his decision").

ORDER - 8

finds the same here, and thus the appropriate remedy is for Petitioner to be immediate released with reasonable conditions of supervision.

## IV

### CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 3) and ORDERS as follows:

(1) Respondents shall release Petitioner from detention within 24 hours of this order. Upon release, Petitioner shall be subject to reasonable conditions of supervision.

(2) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until she is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

(3) The Clerk is DIRECTED to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of June, 2026.

John H. Chun
United States District Judge

ORDER - 9